Brewer, J.
The parties to this suit claim as heirs of William D. Beeler, deceased. The only controversy in this court is between Ora E. Dodge, plaintiff in error, and her minor son, Frank Beeler. The facts are these: Ora E. Dodge, then Ora E. Canfield, in 1863 married Marion Beeler, son of William D. Beeler. In 1864 Marion Beeler died, leaving as his heirs his widow (the said Ora) and an infant son, Frank Beeler. Subsequently William D. Beeler died. Did the interest, which would have descended to Marion Beeler, if he had *405 survived his father, descend wholly to his own son, Frank Beeler, or one-half to his widow and one-half to his son ? Under our statutes, upon an intestate’s death one-half his property descends to his widow, and the other half to his children. Comp. Laws 1862, c. 80, §§ 5, 16; Gen. St. c. 33, §§ 8, 18. And section 19 of this last chapter, which is identical with section 17 of the former, reads: “If any one of his children be dead, the heirs of such child shall inherit his share, in accordance with the rules herein prescribed, in the same manner as though such such child had outlived his parent.” It seems to us, under these provisions, *that the plaintiff in error and her son must be held to share equally in the interest which would have passed to Marion Beeler, had he survived his father. The sufficiency and validity of such legislation was sustained in the case of McKinney v. Stewart, 5 Kan. *384.
The judgment of the district court will be modified so as to set off to plaintiff in error one-half the interest given by that judgment to Frank Beeler. The costs in this court will be charged against Frank Beeler, and if partition cannot be made by the commissioners, and a sale is had, .the sheriff of Doniphan county will retain out of the proceeds thereof going to Frank Beeler enough to satisfy such costs.
(All the justices concurring.)